# NASHVILLE, DECEMBER TERM, 1851.

NATHAN GREEN,
ROBERT J. McKINNEY,    } *Judges.*
ARCHIBALD W. O. TOTTEN,

---

## CARUTHERS v. MOORE AND AIKEN.*

EXECUTOR *de son tort.* *Question of Law and Fact.*

1. Whether a person is executor *de son tort,* is partly a question of law, and partly of fact : the Court determines what state of facts will fix the character, and the jury determine· whether such facts exist in the given case.

SAME; *who is.*

2. If a person innocently receive the goods of a decedent from a third person who has wrongfully intermeddled with them, he is not liable as executor *de son tort.*—*Secus,* if he act in collusion with such third person.

SAME, CONFLICT OF LAWS. *Goods of Decedent in another State.*

3. A party who has wrongfully intermeddled with the goods of a decedent in another State, and brings them into this State, is liable as executor *de son tort* in this State.

SAME, SAME. *Foreign Administrator.*

4. *Semble.*—That a foreign administrator collecting assets where such administration was granted, and bringing them into this State, is not liable to be sued here as executor *de son tort.*

GREEN, J., delivered the opinion of the Court:

This is an action of assumpsit, brought by Moore & Aikin against Samuel Caruthers as executor of James M. Caruthers, deceased. The defendant pleaded, ι, *ne unques executor* ;—2, fully administered ; 3, non assumpsit.

*Originally reported by Hon. W. F. Cooper, whose excellent syllabus I have used, adding merely the head lines. REPORTER.

The plaintiffs proved that James M. Caruthers had his domicil in Bolivar county, in the State of Mississippi, and died on the 12th of January, 1848, leaving his family and property there. Soon after his death, the defendant made some arrangement with the widow of said James M., and, before administration had been granted in Mississippi, took possession of several slaves belonging to said estate, and brought them to Tennessee, where he has had them ever since.

Upon these facts the court charged the jury, " that if the defendant took possession of the property of James M. Caruthers after his death, so as to make himself *executor de son tort* in the State of Mississippi, and afterwards brought said property to the State of Tennessee, he would thereby become liable to the creditors of James M. Caruthers as executor *de son tort*, and that the plaintiffs might well maintain their action at law against him as such." The jury found for plaintiffs, and the defendant appealed to this court.

1. It it said the Court erred in leaving the question, whether the defendant was executor *de son tort*, to the jury. The question, whether the defendant was executor *de son tort*, was partly a question of law, and partly of fact. The Court determines what state of facts will constitute a party executor of his own wrong, and the jury determines whether such facts exist in the given case. The portion of the charge which was excepted to is alone set out. The bill of exceptions informs us, that the other parts of the charge were unexpected to, and we are to presume, that the Court explained to the jury, what acts of a party would constitute him executor *de son tort*. Having given this explanation, he leaves it to the jury to determine, from the

evidence, whether the defendant took possession of the property in Mississippi, so as to make him such executor there, and whether he brought the property to Tennessee; and if he did so, the court said, he would be executor *de son tort* in Tennessee. We think the facts were properly left to the jury, and we must presume the law was correctly stated in that part of the charge not excepted to. (1)

2. It is insisted, that Mrs. Caruthers, or Nicholson, took these negroes without authority, and disposed of them to the defendant, and that this should charge them as executors of their own wrong, and not the defendant. 1 Williams on Exr. 216; 1 Lom. Ex. 77.

This may be true, if the purchaser came to the possession of the goods innocently, but it would be otherwise if a case of collusion were made out. 1 Wms. Ex. 216; note e. In the case before us, it is clear from the proof, that the defendant knew that the negroes belonged to the estate of James M. Caruthers, and whatever wrongs Nicholson and Mrs. Caruthers may have done in dealing with the property, it constitutes no excuse for him. He knew that they were intermeddling with the estate without authority, and he acted in collusion with them in such wrongful intermeddling, and he cannot protect himself by the fact that others concurred with him, and aided him in this wrong. (2)

3. It is insisted, that as the defendant obtained possession of the property in Mississippi and brought it to

(1) But see Padget v. Priest, 2 T. R. 99.

(2) Executor *de son tort*, who is. Russell v. Lanier, 4 Hayw. 289, 291; Cobb v. Lanier, 4 Hayw. 297, 299; Mitchell v. Kirk, 3 Sneed, 319; Gadsby v. Donelson, 10 Yerg. 371; Thurman v. Shelton, 10 Yerg. 383; 2 Bla. Com. 507.

Action against and defences by. See the above cases; also Brown v. Bibb, 2 Cold. 437; Partee v. McCaughran, 9 Yerg. 460, 462.

Caruthers v. Moore and Aiken.

Tennessee, he is not liable as executor *de son tort* here. It is assumed that a rightful administrator collecting assets in another State and bringing them here, is not liable to be sued here as executor of his own wrong ; and, as a consequence of this proposition, it is insisted, that a wrong doer obtaining possession of assets in a foreign State and bringing them here, cannot be chargeable here as executor *de son tort*, because he is liable to the foreign representative for the property so taken.

We concur with the counsel for the plaintiff in error, that a foreign administrator collecting assets belonging to his intestate, where such administration was granted, and bringing them here, is not liable to be sued here as executor *de son tort*. Story's Confl. of L. sec. 432. In such case the administrator has the rightful possession of the goods, and he is, for the purposes of his trust, owner of the goods. If a wrong doer gets possession of the goods which have been in possession of the administrator, and take them to a foreign State, the administrator may maintain a suit in his own name, in such foreign State, for the recovery of such goods. 1 Wms. Ex. 746; Story's Confl. L. It would seem, therefore, that as his possession of goods collected in the jurisdiction where his administration was granted is rightful, he cannot be held liable as executor *de son tort* in another country to which he may take the goods. (3)

But the question whether a party who has intermeddled with the goods of a decedent in a foreign State, and brings them here, is liable as executor *de son tort*, is a very diff-

(3) Story Confl. Laws, § 516. *Rights* are determined according to the law of the *situs rei*; remedies are applied according to the law of the forum. McKisick v. McKisick, 6 Humph. 75. And see Brady v. McGahee, *Infra*, and the cases there cited.

erent one from that we have considered above. In the case of an executor *de son tort* abroad, bringing the goods here, there is no ground upon which to protect him from liability as executor *de son tort*. He is a wrong doer in getting the property in possession, and he continues a wrong doer so long as he retains it, and may be made liable as executor of his own wrong, wherever he may be found ·with it.· 5 Ala. R. 34; 7 Cow. R. 54; 10 Yorg. 383. (4).

It may be very true, as is argued, that the defendant might be held liable in Mississippi to the rightful administrator there, for this property, and that debts paid by him here, would not be allowed him by the courts of that State; and thus, being found in that State, and sued, he would be compelled to account twice for the same property. This will be his misfortune, should he go to Mississippi and subject himself to suit there ; but it is no reason why he shall not be held to account here,—as he has the property in possession by wrong in this State, and there are creditors here seeking satisfaction.

We think there is no error in the judgment, and order that it be affirmed.

*Judgment affirmed.*

(4) A person in New York, taking possession of a decedent's estate without being lawfully appointed executor or administrator there is liable as executor *de son tort*, although lawfully appointed executor in a neighboring State. Campbell v. Toucey, 7 Cowen, 64.