C. ELLIOTT MINOR, as Assignee, etc., Appellant, *v.* CORNELIA A. BEVERIDGE, Respondent.

Where a stock broker sells, without due notice, stock purchased by him on a margin for a customer, he does not thereby, as matter of law, extinguish all claim against the customer for the advance made; the customer is simply entitled to be allowed as damages the difference between the price for which the stock was sold and its market price then or within such reasonable time after notice of sale as would have enabled him to replace it in case such market price exceeded the price realized.

*Gillett* v. *Whiting* (120 N. Y. 402), distinguished and limited.
*Minor* v. *Beveridge* (67 Hun, 1), reversed.

(Argued February 6, 1894; decided February 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 13, 1893, which overruled plaintiff's exceptions and ordered judgment in favor of defendant upon a decision of the court on trial at Circuit dismissing the complaint.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Geo. W. Wingate* and *Max Stern* for appellant. The sale made by Gallaudet & Co. did not constitute a conversion. *Gillett* v. *Whiting,* 120 N. Y. 403; *Gruman* v. *Smith,* 81 id. 25; *Capron* v. *Thompson,* 86 id. 419; *Porter* v. *Wormser,* 91 id. 431; *Galligher* v. *Jones,* 129 U. S. 193.) The sale of the stocks by the broker, if a breach of the contract, was a mere breach of a condition subsequent which did not forfeit the broker's right to recover what he had previously advanced for plaintiff's account if the owner sustained no actual damage by such sale. (*Capron* v. *Thompson,* 86 N. Y. 418; *Lev.* v. *Loeb,* 89 id. 389; *Gruman* v. *Smith,* 81 id. 25; *Porter* v. *Wormser,* 94 id. 446; *Caswell* v. *Putnam,* 120 id. 157; *In re K. C. El. R. R. Co.,* 105 id. 115; *Nicol* v. *N. Y. & E. R. R. Co.,* 12 id. 121; *Towle* v. *Remsen,* 70 id. 303, 309, 311; *Boom* v. *Eyre,* 1 H. Bl. 273; *Campbell* v. *Jones,* 6 Term Rep. 570; *Carpenter* v. *Cresswell,* 4 Bing. 409; *Havelock* v. *Geddes,* 10 East, 555; *Davidson* v. *Gwynne,* 12 id. 381; *Robb* v. *Montgomery,* 20 Johns. 15; *Slocum* v. *Despard,* 8 Wend. 615; *Morris* v. *Sliter,* 1 Den. 59.) The plaintiff was entitled to go to the jury upon the question of whether or not the defendant had consented to the sale of her stocks. (*Bodine* v. *Killeen,* 53 N. Y. 93; *Dunn* v. *Hornbeck,* 72 id. 80; *McNeilly* v. *C. L. Ins. Co.,* 66 id. 23.) The failure of the defendant to keep her margin good was a breach of the contract upon her part, and the brokers were, therefore, absolved from a strict performance upon their part. (*Bush* v. *Lyon,* 9 Cow. 56.) Where the trial court has erred in any important question, the appellate court cannot affirm the judg-

ment unless it appears as an inevitable necessity and beyond any question that the appellant cannot succeed upon a new trial. (*Muldoon* v. *Pitts*, 54 N. Y. 269; *Arthur* v. *Griswold*, 55 id. 400; *Guernsey* v. *Millet*, 80 id. 181; *Capron* v. *Thompson*, 86 id. 418, 421.)

*Eugene L. Bushe* for respondent. The sale made by Gallaudet & Co. was clearly irregular and constitutes a conversion. Gallaudet & Co. were bound to carry the stock until Mrs. Beveridge directed them to close the transaction, so long as she complied with the terms of the contract on her part, and to give her a reasonable notice of the want of sufficient margin, and of their intention to sell the stock, if the margin was not made good in accordance with the terms of the notice. (*Rogers* v. *Wiley*, 131 N. Y. 530; *Gillett* v. *Whiting*, 120 id. 404.) The contract entered into on the part of the broker is an entirety, and breach of one of its conditions on his part discharges the customer from liability. (2 Pars. on Cont. 518; *Debershe* v. *Page*, 36 N. Y. 537; 2 Add. on Cont. 62; *Mount* v. *Lyon*, 45 N. Y. 552; *Baker* v. *Higgins*, 21 id. 397; *Avery* v. *Wilson*, 81 id. 341; *Bleistein* v. *Studer*, 19 N. Y. S. R. 467.) The rights and obligations which enter into the relations of pledgor and pledgee attach to the customer and the broker. (2 Pars. on Cont. 113; *Reade* v. *Lambert*, 10 Abb. Pr. [N. S.] 428; *Ritter* v. *Cushman*, 7 Robt. 294.)

BARTLETT, J. The plaintiff, as assignee for the benefit of creditors of P. W. Gallaudet & Co., stock brokers, sued the defendant to recover a balance alleged to be due from her on a speculative account which she had with Gallaudet & Co. at the time of their failure, November 10th, 1890.

The cause was brought on for trial at a circuit court in the city of New York and at the close of plaintiff's case the complaint was dismissed and the exceptions ordered to be heard in the first instance at the general term. The general term

overruled the exceptions and ordered judgment for defendant, dismissing complaint, with costs. The plaintiff appeals from that judgment.

The question presented is whether the trial judge was justi- fied in taking the case from the jury. The defendant's contention is that P. W. Gallaudet & Co. sold the stocks held in her account without notice, and for that reason their assignee cannot recover. The plaintiff insists that demand and notice were duly given to defendant through her son, as her agent, before sale of the stocks, and that she is bound thereby ; and even if there was a sale without notice, the defendant can only be allowed her actual damages in reduction of plaintiff's claim. The evidence shows that Alven Beveridge, the son of the defendant, was the son-in-law of P. W. Gallaudet, and from the year 1881 to November 10th, 1890, the day when the firm of P. W. Gallaudet & Co. failed, was a clerk of said firm ; that on the 30th of May, 1881, the defendant, represented by her son, opened a speculative account with the firm which, with additions and charges made therein, remained open until the day of the failure.

Our examination of the record satisfies us there is a conflict of evidence as to whether or not Alven Beveridge was the agent and representative of his mother, and accustomed for the nine years and more covered by her account, to receive the statements, demands and notices to which she was entitled, including the demand and notice in this action.

We are of opinion that the trial judge erred in not submitting to the jury, as requested, the question of notice, and whether it was reasonable and legal under the circumstances.

The plaintiff's counsel insists that he was entitled to submit still another question to the jury.

There was evidence in the case tending to show that the stocks sold for defendant's account on the 10th day of November, 1890, could have been repurchased in the open market within the next fifteen days below the prices realized upon the sale.

The plaintiff's counsel asked to go to the jury as to whether

the defendant sustained loss by reason of said sale, and as to whether the defendant could not have replaced the stocks at the same price, or less price, than that for which they were sold, and within a reasonable time after the sale.

This request was refused. We think the trial judge should have submitted these questions to the jury under the settled law of this court that even where a stock broker sells without due notice stock purchased by him for a customer, on a margin, and held in pledge to secure the advance made by him for the purchase, he does not thereby, as matter of law, extinguish all claim against the customer for the advance, but the customer is entitled to be allowed as damages the difference between the price for which the stock sold and for which he received credit, and its market price then, or within such reasonable time after notice of sale as would have enabled him to replace the stock in case the market price exceeded the price realized. (*Gruman* v. *Smith*, 81 N. Y. 25; *Capron* v. *Thompson*, 86 id. 418–420; *Colt* v. *Owens*, 90 id. 368–371; *Porter* v. *Wormser*, 94 id. 431–446; *Wright* v. *Bank of the Metropolis*, 110 id. 237–246.)

The defendant's counsel relies on *Gillett* v. *Whiting* (120 N. Y. 402), decided by the Second Division of this court in June, 1890, as sustaining this last ruling of the trial judge. We are of opinion that the point actually decided in that case does not affect the cases in this court to which we have already referred.

In *Gillett* v. *Whiting* the plaintiffs were stock brokers and brought the action to recover a balance alleged to be due on account of stock transactions between the parties.

In submitting the case to the jury the defendant's counsel requested the court to charge, that in case the plaintiffs sold the stock without notice to the defendant as to the time and place of sale, by doing so, they violated their duty to the defendant and converted the stock to their own use.

The court refused to so charge, the defendant excepted, and the jury found a verdict for the plaintiff.

The sole question presented on the appeal was defendant's

right to have the jury charged that a sale of his stocks by the broker without notice was a conversion.

The Second Division of this court very properly held that the judge should have so charged the jury, and reversed the judgment. The effect of the conversion, if found by the jury, was not presented on the appeal.

The remarks, therefore, of the court as to the effect upon plaintiff's cause of action if conversion of the stocks should be established were *obiter*.

The cases we have cited were neither referred to in the briefs of counsel nor the opinion of the court.

The judgment appealed from is reversed, new trial granted, with costs to abide event.

All concur.

Judgment reversed.