WILLIAM HARRISON, Appellant, v. HAROLD HALL et al.,
Respondents.

**Chattel mortgages — after default the mortgagee is the
owner of the mortgaged chattels — when mortgagor credited
with value of mortgaged property — burden of proof to show
value of mortgaged property rests upon mortgagor.**

1. A mortgagee of chattels after default is at law the owner. If he
sells, and the sale is valid, he cuts off thereby the equity of redemption.
If he resumes possession, but fails to sell within a reasonable time
or sells unfairly or irregularly, the consequence is, not that the debt
becomes extinguished, but that the mortgagor may be credited with
payment up to the value of the property.

2. Where the holder of a chattel mortgage given to secure the
payment of a note for the purchase price thereof took possession
of the property and sold it under the mortgage, himself being
the purchaser, and thereafter sued upon the note crediting thereon a
payment, and also the net proceeds of the sale, and the mortgagors
defended upon the ground that the sale was irregularly conducted to
their disadvantage, the burden of proving value is on the mortgagors.
*Harrison* v. *Hall*, 207 App. Div. 511, reversed.

(Argued October 8, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the third judicial
department, entered February 4, 1924, unanimously
affirming a judgment in favor of defendants entered upon
a dismissal of the complaint by the court at a Trial Term.

*T. B. Merchant* for appellant. The nonsuit was
improper, as plaintiff was entitled to judgment for at
least the sum of $268. (*Paige* v. *Willet*, 38 N. Y. 28;
*White* v. *Smith*, 46 N. Y. 418; *Cook* v. *Barr*, 44 N. Y. 156;
*Fleischmann* v. *Stern*, 90 N. Y. 110; *Dunham* v. *Cudlipp*,
94 N. Y. 129; *Tisdale* v. *President, etc., of D. & H. C. Co.*,
116 N. Y. 416; *Horan* v. *Hastorf*, 223 N. Y. 490; *Thomp-
son* v. *Postal Life Ins. Co.*, 226 N. Y. 363; *Olcott* v. *Tioga
R. R. Co.*, 40 Barb. 179; 27 N. Y. 546; *Stoddard* v. *Denison*,
7 Abb. Pr. [N. S.] 309; 38 How. Pr. 296.)

*J. Carver Gleason* and *Edmund B. Jenks* for respondents. The plaintiff, appellant, was properly nonsuited at the trial, and the judgment in favor of the defendants, respondents, was properly affirmed. (*Pulver* v. *Richardson*, 3 T. & C. 436; *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.*, 17 N. Y. 401; *Sherman* v. *Slayback*, 58 Hun, 255; *Porter* v. *Parmly*, 43 How. Pr. 445; *Holliday* v. *McGraw*, 106 Misc. Rep. 661; *Mott* v. *Havana Nat. Bank*, 22 Hun, 354; *Stoddard* v. *Denison*, 38 How. Pr. 296; *Ballou* v. *Cunningham*, 60 Barb. 425.)

CARDOZO, J. Plaintiff sold to the defendants six cows, receiving in return a promissory note for $400 payable in installments and also a chattel mortgage on the subject of the sale. Default having occurred, he took possession of the cows, or the four that were then living, sold them under his mortgage, and himself became the purchaser. He now sues upon the note, crediting a payment of $12, and also $20, the net proceeds of the sale. The defendants answer that the sale was irregularly conducted to their damage $100. They also counterclaim for breach of warranty, alleging in this connection that the value of all the cows did not exceed $200. There is no denial of the dishonor of the note, and no defense of payment. The trial judge dismissed the complaint on the ground that, the sale being irregular, the mortgaged property had presumably been accepted in satisfaction of the debt. The Appellate Division unanimously affirmed.

A mortgagee of chattels after default is at law the owner (*Langdon* v. *Buel*, 9 Wend. 80; *Leadbetter* v. *Leadbetter*, 125 N. Y. 290, 294). If he sells, and the sale is valid, he cuts off thereby the equity of redemption. If he resumes possession, but fails to sell within a reasonable time, or sells unfairly or irregularly, the consequence is, not that the debt becomes extinguished, but that the mortgagor may be credited with payment up to the value

of the property (*Case* v. *Boughton,* 11 Wend. 106; *Morgan* v. *Plumb,* 9 Wend. 287, 292; *Mott* v. *Havana Nat. Bank,* 22 Hun, 354, 357; *Sherman* v. *Slayback,* 58 Hun, 255, 261; *Stoddard* v. *Denison,* 38 How. Pr. 296, 303; *Olcott* v. *Tioga R. R. Co.,* 40 Barb. 179, 180; affd., 27 N. Y. 546; *Marseilles Mfg. Co.* v. *Perry,* 62 Neb. 715, 717; *Amory* v. *Fairbanks,* 3 Mass. 562). There is no rule that a mortgagee by retaining chattels as his own impliedly consents to accept them at a valuation equal to the debt. He takes them at their worth (*Case* v. *Boughton; Mott* v. *Havana Nat. Bank; Sherman* v. *Slayback, supra; Spencer* v. *Harford,* 4 Wend. 381, 385). If they are worth the debt or more, payment will result in full. If they are worth less than the debt, the result is payment on account.

The question remains whether the burden of proving value is on mortgagor or on mortgagee. The answer is given by an early case (*Spencer* v. *Harford, supra,* at pp. 385, 386). There a mortgagee took possession after the mortgagor's default. The latter pleaded this possession as an extinguishment of the debt. The plea was held bad for failure to state the value (cf. *Minor* v. *Beveridge,* 141 N. Y. 399). The mortgagor is in the same position as any other debtor who claims the benefit of payment after breach of his engagement. He must plead the facts and prove them (*McKyring* v. *Bull,* 16 N. Y. 297). We hold, then, that the defendant has the burden of proving value. If, however, the rule were different, there would still be error in the judgment. The answer contains admissions that fix the value of the chattels as lower than the debt.

The defendant refers to cases in which the rule is loosely stated that a mortgagee who wastes the property or sells unfairly or illegally may not sue for the deficiency (*e. g., Porter* v. *Parmly,* 43 How. Pr. 445, 453). All that is meant by this is that he may not treat a deficiency so ascertained as binding upon the mortgagor, but must give credit for the actual value. If more than this was

intended, the ruling cannot stand (*Case* v. *Boughton; Morgan* v. *Plumb; Amory* v. *Fairbanks, supra*).

We state for greater caution that nothing herein decided applies to a situation where chattels have been retaken under a contract of conditional sale. The remedies of the seller in such circumstances are regulated by statute (Pers. Prop. Law [Cons. Laws, ch. 41], §§ 80c, 80d).

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

All concur, except LEHMAN, J., absent.

Judgments reversed, etc.