ADOLF FLEISCHMANN, Appellant, *v.* ROSE CLAUSEN and Others, Defendants, Impleaded with JOHN KNOBLER and Another, Respondents.

First Department, December 2, 1927.

**Mortgages — chattel mortgages — plaintiff sold business and took back third chattel mortgage — first mortgage was foreclosed by advertisement — property was advertised on morning of sale and was purchased by mortgagees — plaintiff offered to redeem and brought action to restrain disposition of property — injunction pendente lite granted but plaintiff could not file bond — property was resold to defendant's employee who immediately resold to another — bona fides of sale was questioned and it was error to grant nonsuit.**

The plaintiff sold his business and took back from the purchaser a chattel mortgage which was subordinate to two other chattel mortgages. After default plaintiff began an action to foreclose the mortgage and then learned that respondents who had acquired the first mortgage had foreclosed the same by advertisement and that the property was sold to them on the day when the only advertisement was published. Plaintiff offered to redeem but respondents refused to permit him to do so, stating that they wished to hold their bargain. An injunction *pendente lite* was granted in this action, but was not effective, since plaintiff could not post the bond. Respondents thereafter sold the property to an employee and the evidence shows that not more than $1,000 was paid in cash and that the remainder was paid by notes. It also appears that the employee immediately resold the property for a sum largely in excess of that for which it was purchased on the foreclosure sale and that all transactions were made under the guidance of respondents' attorney. The evidence of the plaintiff raised a question of the *bona fides* of the resales and it was error for the court to grant a nonsuit.

In making the sale under their mortgage, the respondents should have acted in fairness and good faith and should have obtained as far as possible the fair market value of the property, and if this was not done, plaintiff's right to redeem was not cut off.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 25th day of April, 1927.

*Herman Kahn* of counsel [*Herman Kahn* and *David G. McConnell,* attorneys], for the appellant.

*Charles B. McLaughlin* of counsel [*Jacob J. Lazaroe,* attorney], for the respondents.

FINCH, J. The plaintiff appeals from what purports to be a judgment on the merits dismissing the complaint. There appears to have been error in so entering the judgment, since the decision of the court shows that a judgment of nonsuit was rendered. The plaintiff has shown facts, however, creating issues which he was entitled to have the court decide upon the merits.

The facts, in so far as necessary to show the grounds for the decision, briefly are as follows: The plaintiff sold to the defendants Clausen a bakery business, receiving in payment certain notes and taking back a chattel mortgage to secure the notes, which mortgage was subordinate to two other mortgages, or, in other words, was a third chattel mortgage. Default was made in the payment of the notes and the plaintiff originally brought this action to foreclose the mortgage. Plaintiff then for the first time learned that the defendants, respondents had acquired the first mortgage on the chattels, that there had been a default thereon and that the respondents had foreclosed the mortgage by advertisement and sale of the property and had themselves purchased the property for the sum of $3,750. The balance due the plaintiff was $9,253.41, and the plaintiff claims the property was worth between $22,000 and $30,000. It appears that the sale was had at ten o'clock in the morning pursuant to a single notice of sale published in the *New York Law Journal* upon the very morning of the sale. Plaintiff was given no personal notice of the sale notwithstanding the fact that the defendant Knobler had personal knowledge of the existence of the plaintiff's mortgage. Upon learning of the sale, while the respondents were in possession of the property, the plaintiff offered to redeem the same by paying to the respondents the amount which was due upon their mortgage. The respondents, however, declined to permit such redemption. In this connection the plaintiff's counsel testified that the defendants' attorney stated that his clients " would not accept payment of the amount, but they wanted to hold on to their bargain." There is in the record no denial of the truth of this testimony. When this action was commenced the plaintiff applied for and was granted an injunction *pendente lite* restraining the disposition of the property, conditioned upon the plaintiff filing a surety company bond in the sum of $5,000. This condition the plaintiff was unable to comply with, but he notified the respondents that they would be held accountable for the property if they disposed of the same. Notwithstanding this the respondents sold the property to a former employee of theirs for the sum of $8,000, by a payment of $1,000 cash and the balance in notes. Respondents' attorney was unable to testify that the $1,000 was actually paid. The respondent Knobler testified that the $1,000 was paid in cash. Concededly none of the notes ever were paid or any effort made to collect them. Almost immediately after the purchase by Greenberg, the latter resold the property for the sum of $16,500. This sale also was made under the auspices of the respondents' attorney. The appellant questions the *bona fides* of the resales, contending that

the first sale was but a cover for the second, and that the second sale was for the benefit of the defendants.

In making a sale under their mortgage, it was necessary for the respondents to act in fairness and good faith, obtaining as far as possible the fair market value of the property, otherwise the plaintiff's right to redeem was not cut off. (*Coe* v. *Cassidy,* 72 N. Y. 133; *Casserly* v. *Witherbee,* 119 id. 522; *Sherman* v. *Slayback,* 58 Hun, 255.) The facts shown and the inferences to be drawn therefrom created issues upon the question of the *bona fides* of the sale and resale, which the plaintiff was entitled to have determined upon the merits.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.