MORRISANIA LAUNDRY SERVICE, INC., Plaintiff, *v.* SAMUEL STRAUSS and Others, Defendants.

Supreme Court, Bronx County, May 23, 1930.

*Maurice Borowsky* [*Benjamin Burrows* of counsel], for the plaintiff.

*Pearl H. Weinberger,* for the defendants.

MULLAN, J.  Plaintiff sues to redeem chattels seized under a chattel mortgage, and, if the chattels are not produced for redemption, for an accounting.   Plaintiff owned a laundry in which, prior to February, 1928, it had installed certain machinery of an alleged value of $10,000.   The individual defendants were the sole stockholders and they and a brother of one of them were the directors.   Some of the machinery on which full payment had not been made was covered by conditional sales agreements duly filed.  Most of the machinery had been purchased from a laundry which had formerly used it and there was due to the vendor $900 secured by a chattel mortgage duly filed.   Plaintiff borrowed from defendant corporation $1,000 secured by a chattel mortgage on the machinery subject to the conditional sales agreements and ·to the vendor's chattel mortgage.   There was in the premises on July 28, 1928, some machinery not covered by either mortgage, but some of it was covered by conditional sales agreements.   In June, 1928, one Delphin bought from the individual defendants one-third of the capital stock of the plaintiff, agreeing to pay $1,500.   Delphin then expended (prior to July 28, 1928) additional sums in payment of debts of the corporation, bringing his total investment up to about $3,500.   Delphin's son had bought out Strauss' third of the capital stock for $500 and Strauss retired from participation.   In May, 1928, plaintiff was in default to its vendor and the vendor threatened foreclosure.   The defendant Steinfeld notified the corporation defendant as junior chattel mortgagee to protect itself.   This it did by purchase of the vendor's chattel mortgage.   Meanwhile Delphin had tendered to the vendor the installments then due.

The vendor's mortgage contains no clause making the entire sum due upon default in payment of an installment, but the tender was refused unless an additional sum were paid as attorney's fees.   There was, therefore, no default on the vendor mortgage, although the sum due continued to be due.   When the corporation defendant acquired the vendor mortgage it made some gestures which it claimed

amounted to a foreclosure of the plaintiff's equity. Aside from the absence of any default those gestures were patently in bad faith. On July 28, 1928, an advertisement appeared in the New York *Law Journal* advertising the sale for that day at nine-thirty A. M. The Appellate Division in *Fleischmann* v. *Clausen* (222 App. Div. 7) has expressed its disapproval of such tactics. In this case, moreover, the sale took place before the advertised time, the auctioneer draping his flag on the doorknob. The corporation defendant bought the chattels in for $100. I hold that this attempt to foreclose the equity was a nullity. Evidently the corporation defendant was of the same opinion, for on August 13, 1928, the corporation defendant foreclosed its $1,000 mortgage.

The sale was advertised in the New York *Law Journal* on August thirteenth for August 13, 1928, at ten A. M., the only difference between the two advertisements being that the time advertised for the second sale was one-half hour later than the first sale. The conflicting testimony concerning the facts of this alleged second sale leave no doubt in my mind that no sale was ever held on August thirteenth. But assuming that a sale was had, the condemnation of the Appellate Division in *Fleischmann* v. *Clausen* (*supra*) applies. I hold that the gestures simulating a foreclosure were futile to affect plaintiff's equity. After the first foreclosure Steinfeld and the defendant corporation took possession. Steinfeld closed and locked the safe and the defendant corporation put a new lock on the door. Steinfeld was given a key. He took possession on the next business day and remained in charge until August eighth.

Defendant corporation interested a stranger named Streiff as a purchaser, who paid a deposit of $500. Defendant corporation paid the rent for August, 1928. Streiff went into possession on August 8, 1928. He was in possession on August thirteenth, when the second foreclosure is said to have occurred. Streiff says that when he took possession on August eighth he put his own locks on the doors; that he was present on August thirteenth, and that there was no foreclosure sale held that day. Streiff refused on August twenty-second to purchase, and his deposit was returned. Steinfeld then formed a new corporation and the corporation defendant sold the chattels to it for a small amount of cash and a mortgage of $3,500. Later the new corporation abandoned the chattels. When the defendant corporation took the chattels on the void foreclosures it became a trustee for plaintiff's equity of redemption. It is accountable as of the date it first took them, July 28, 1928. That they disappeared is its concern, not plaintiff's. (*Pulver* v. *Richardson*, 3 Thomp. & C. 436.)

Defendant is entitled to apply on its debt the value of the chattels.

(*Harrison* v. *Hall*, 239 N. Y. 51.) There is some testimony by Strauss that in February, 1928, the chattels were worth $10,000. It would seem improbable that they depreciated eighty per cent in five months. They were sold to Strauss and Steinfeld in September for more than $3,500. That testimony is not wholly satisfactory as to their value on July 28, 1928, but Chief Judge CARDOZO observed in the *Harrison* case that an admission can show that the value is less than the debt even if the exact value is not known. I see no reason why the admission by all the defendants by purchase and sale of these chattels for more than $3,500 is not some evidence that they were worth more than $1,900. The exact value can be determined on the reference. In addition to the waiver of tender by the refusal of tender, a tender on trial is futile, for the chattels cannot be surrendered. On this reasoning, and by authority, plaintiff is not required to tender the amount of the debt as a condition precedent to redemption. (*Cartier* v. *Pabst Brewing Co.*, 112 App. Div. 419; *Casserly* v. *Witherbee*, 119 N. Y. 522.)

Defendants' points that the vendor's mortgage provides for a counsel fee is not well taken. The counsel fee there provided for is for foreclosing by a valid sale and is to be paid from the proceeds of the sale. There is no provision for a counsel fee for threatening to foreclose.

Judgment for the plaintiff, with costs, decreeing an accounting of the market value of the chattels on July 28, 1928, with interest from that date. Defendant is entitled to a credit for the amount due on its mortgage, with appropriate interest. Settle findings and conclusions providing for a reference to state the account.