In the Matter of the Application of THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Petitioner, for an Order against JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Respondent.

First Department, February 3, 1939.

*Edward F. Clark* of counsel [*Albert B. Gins* and *Leonard J. Reynolds* with him on the brief; *Clark & Reynolds*, attorneys], for the petitioner.

*Edmund B. Hennefeld* of counsel [*Arthur A. Segall* and *Bernard H. Sherris* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

TOWNLEY, J. This tax was imposed upon petitioner's purchase of certain hotel furnishings at a foreclosure sale. The petitioner was a mortgagee of the real property known as Croydon Hotel under a mortgage executed April 2, 1928. The mortgage was for $3,535,000, and covered both the hotel and the hotel and restaurant

furnishings and equipment. Possession at that time was retained by the mortgagor. On April 1, 1933, the owner of the hotel gave petitioner an assignment of rents and, as additional security, vested it with full power of management and operation. From then on petitioner was a mortgagee in possession. The proceeds of the assignment of rents were not sufficient to cure the defaults, and this foreclosure action was commenced August 13, 1934. The property was sold at public auction January 9, 1935, and it was bid in by petitioner for $1,800,000. It is conceded that the value of the personal property which was sold was $77,097.88. The tax of two per cent upon this amounted, with interest, to $1,734.70, the sum in dispute. Petitioner has been operating the hotel for three and a half years.

In so far as a real estate mortgage covers personal property it is a chattel mortgage. (*Zartman* v. *First National Bank*, 189 N. Y. 267.) As was said in *Barrett Manufacturing Co.* v. *Van Ronk* (212 N. Y. 90, 94): " In this State a chattel mortgage is a present transfer of the title to the property mortgaged by it, defeasible by the payment of the sum or instrument it is given to secure. In default of performance by the mortgagor the title of the mortgagee becomes absolute, the mortgagor, however, possessing the equity of redemption."

Thus, upon default in the terms of the chattel mortgage, a complete title vests in a mortgagee subject to defeasance on redemption. (*Harrison* v. *Hall*, 239 N. Y. 51.) In this case complete title to the personal property passed on April 1, 1933. A foreclosure sale where personal property is bid in by the mortgagee merely extinguishes the equity of redemption but does not bring about any change in title. (*Rochester Distilling Co.* v. *Rasey* 142 N. Y. 570.)

Under the city sales tax (Local Law No. 24 [published as No. 25] of 1934, § 1, subd. [e]) " sale " is defined as meaning " any transfer of title or possession or both   *   *   *   in any manner or by any means whatsoever for a consideration." The only purpose of a sale under the circumstances herein presented is to foreclose a possible claim to redeem a title that is already completely vested in petitioner, who also has possession. The transaction, therefore, does not come within the statutory definition of a sale subject to tax. We do not pass upon a situation in which a third person representing the interests of neither debtor nor creditor becomes a purchaser at foreclosure.

The determination of the comptroller should be annulled, with fifty dollars costs and disbursements to the petitioner, and the comptroller directed to make refund to the petitioner of $1,734.70.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements to the petitioner, and the comptroller directed to make refund to the petitioner of $1,734.70. Settle order on notice.