CURRY et al. v. UNITED STATES.

No. 13430.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1951.

Simeon Slosberg, Miami, Fla., for appellant.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellants Curry, Hastings and Gillyard, were convicted of conspiring amongst themselves and with others to violate the Internal Revenue laws in the operation of an illicit liquor still, Hastings and Gillyard being additionally convicted of a substantive offense of possessing and conceal-

ing 31 gallons of non-tax paid distilled spirits.

The appeal has been abandoned as to all save Curry, who presents two grounds for reversal, first, the asserted inadmissibility in evidence of 31 gallons of illicit liquor discovered by state officers in the search of a dwelling without a warrant; second, the asserted insufficiency of the evidence to establish Curry's guilty connection with the conspiracy.

As to the first point: It appears that Curry rented from the owner of, and paid the rent upon, the dwelling in question for use and occupancy by other persons. He does not claim that he was in possession thereof when the search was made, nor that he occupied it as his dwelling, or otherwise, nor was he present when the search was made, nor does he claim that the whiskey belonged to him. The dwelling was in fact occupied by other defendants, one of whom gave the searching officers permission to enter for the declared purpose of searching. As Curry's privacy was not invaded, he can not complain. He can not vicariously assert the constitutional rights of others who do not complain. Moreover, the search was wholly by state officers, there being no participation or co-operation by federal officers. Appellant did not move to suppress the evidence. He contented himself with merely making running objections to its admissibility as the trial progressed, thus attempting to raise extraneous questions of fact while the court was engaged in trying the issues made by the indictment and plea. In the circumstances stated, the evidence was clearly admissible.

As to the second point: We have examined the evidence and find it sufficient to connect Curry with the conspiracy. There are circumstances from which the jury might reasonably infer guilty association between Curry and other defendants in furthering the objects and purposes of the conspiracy. The evidence shows the use of a Ford car purchased by Curry under the alias of "Buddie Rush" for purposes which could be reasonably found to be in connection with the operation of the illicit still; and there was undisputed evidence that Curry himself paid the rent upon the still site as well as upon a nearby dwelling occupied by other defendants, some of whom operated the still, this being the dwelling which was the object of the search.

Affirmed.