### UNITED STATES v. ONE 1948 CADILLAC CONVERTIBLE COUPE, etc.

### No. C-987-50.

United States District Court
D. New Jersey.

Oct. 28, 1953.

William F. Tompkins, U. S. Atty., Newark, N. J., for libelant.

James E. Abrams, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil proceeding under Sections 781 to 788 of Title 49 U.S.C., 49 U.S.C.A. §§ 781 to 788, to enforce the forfeiture of a motor vehicle seized by the local police and thereafter surrendered to the Narcotics Division of the Bureau of Internal Revenue. The libel charges generally that the said vehicle was used to transport a narcotic drug and to facilitate the transportation, concealment and possession of the said drug in violation of Section 781 of the said Act. The forfeiture is resisted by Elizabeth King and the Jefferson Credit Corporation, who claim ownership of the vehicle.

## Facts

### I.

The vehicle, although registered in the name of Elizabeth King, was purchased jointly by her and one Malcolm McIntosh. The vehicle was encumbered by a chattel mortgage, which was executed and delivered in the state of New York. This mortgage was held by the Jefferson Credit Corporation, and was in default at the time of the seizure hereinafter described. The default is admitted in the answer filed herein by the claimants.

### II.

The vehicle was in the possession of Malcolm McIntosh on October 16, 1950, at approximately twelve o'clock noon, when he, while en route to New York in the company of one Edward Miller, was stopped by an officer of the Hudson County Police Department. The officer acted on information that a vehicle of similar description had been used earlier in a "hold-up." The vehicle and the persons of its occupants were searched and then released when McIntosh explained that he was on his way to work.

### III.

The officer, who testified that one of his assignments was the enforcement of the narcotic laws, "thought" he recognized Miller as one who had been previously arrested and charged with the violation of the narcotic laws. The information had been obtained some weeks before at the office of the Narcotics Division where the officer had seen a photograph of Miller upon inspection of the files. The officer testified that he frequently visited the office of the Narcotics Division and while there inspected the files which were available to him.

### IV.

The vehicle was still in the possession of Malcolm McIntosh two hours later when he, while en route from New York in the company of Edward Miller, was observed by the same officer. The vehicle was again stopped and a search made of it. The officer found a small package, which he suspected contained narcotic drugs, between the two front seats, and he immediately placed the occupants of the vehicle under arrest. The initial test made soon after the arrest confirmed the officer's suspicions. The search of the vehicle was made without a warrant and without probable cause.

### V.

The narcotic drugs did "not bear appropriate tax-paid internal-revenue stamps as required by law" and were therefore contraband within the meaning of Section 1(b) of the Act, 49 U.S.C.A. § 781(b).

## Discussion

The right of the libelant to seize and enforce the forfeiture of a motor ve-

hicle used to transport contraband is governed by Sections 1(a) and 2 of the Act of August 9, 1939, 49 U.S.C.A. §§ 781(a) and 782. Section 1(a) declares: "It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any * * *, vehicle, or * * *; (2) to conceal or possess any contraband article in or upon any * * *, vehicle, * * *; or (3) to use any * * *, vehicle, * * * to facilitate the transportation, carriage, conveyance, * * *, possession * * *, of any contraband article." Section 2 provides: "Any * * *, vehicle * * * which has been or is being used in violation of any provision of section 781 of this title, * * * shall be seized and forfeited".

The right of the libelant to enforce a forfeiture under the Act is not dependent upon the personal guilt of the owner of the vehicle; the innocent owner is in no better position than the guilty one. The vehicle is condemned as the offender and becomes subject to seizure and forfeiture upon its use in violation of the express provisions of the statute. United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756; United States v. Andrade, 9 Cir., 181 F.2d 42; W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468; United States v. One 1949 Lincoln Coupe Auto, D.C., 93 F.Supp. 666; United States v. One 1941 Chrysler Brougham Sedan, D.C., 74 F.Supp. 970. It therefore follows that under the facts of this case, which are not disputed, the libelant is entitled to a decree of forfeiture, unless at the time of the seizure the vehicle "was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State", the only defense available to the claimants under the Act. Ibid.; 49 U.S.C.A. § 782.

The claimant Jefferson Credit Corporation here contends that McIntosh was unlawfully in possession of the vehicle at the time of the seizure because the mortgage was in default at that time. There are no cases cited by the claimant in support of this contention, but we assume that it is predicated upon the law of New York, the place of contract. It should be noted, however, that there is no contention that possession of the vehicle was acquired "in violation of the criminal laws," an additional condition prescribed by the Act as essential to the defense.

An examination of the cases discloses that under the law of New York the holder of a chattel mortgage acquires absolute title to the chattel upon default and thereafter has a right to its possession. Leadbetter v. Leadbetter, 125 N.Y. 290, 26 N.E. 265; Peter Barrett Mfg. Co. v. Von Ronk, 212 N.Y. 90, 105 N.E. 811; Harrison v. Hall, 239 N.Y. 51, 145 N.E. 737; Prudential Ins. Co. of America v. McGoldrick, 256 App. Div. 205, 9 N.Y.S.2d 515, affirmed 281 N.Y. 595, 22 N.E.2d 166; Vangellow v. East Side Savings Bank, City Ct., 11 N.Y.S.2d 982. The title of the mortgagee, however, is subject to the mortgagor's equity of redemption. Ibid. We are nevertheless of the opinion that the continued possession of a chattel by a mortgagor after default, although in violation of the mortgagee's right, is not a violation of any criminal law.

We may assume, notwithstanding our opinion to the contrary, that the vehicle was unlawfully in the possession of McIntosh, one of the mortgagors, at the time of the seizure, but this assumption will not support the statutory defense. The innocent owner is entitled to prevail on the statutory defense only upon proof that the vehicle "was unlawfully in possession of a person who *acquired possession thereof in violation of the criminal laws* * * *." (Emphasis by the Court.) Cf. United States v. One 1941 Chrysler Brougham Sedan, supra, 74 F.Supp. 971. The mortgagors purchased the vehicle here in question, and thus acquired possession of it legally. The defense here urged must therefore be dismissed as without merit.

### Search and Seizure

The case of the libelant rests solely on the testimony of the police officer and

the evidence procured by him upon the search of the vehicle. The admissibility of this evidence is challenged on the ground that the search and seizure were in violation of the Fourth Amendment to the Constitution and therefore illegal. We agree that the search and seizure were made without a warrant or without probable cause, but it does not follow that the evidence thus obtained is inadmissible.

■ The general rules which must be applied in the determination of the question here raised are succinctly stated in United States v. Butler, 10 Cir., 156 F.2d 897. It is therein stated, at page 898 of 156 F.2d:

"It has been held without deviation over a long period of time that evidence obtained through wrongful search and seizure by state officers, acting independently of the federal government, and not in the presence of nor with the participation of federal officers, is admissible in a prosecution in a United States Court, even though the property seized was by the state officers delivered to federal authorities for the purpose of being used as evidence in connection with the prosecution. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; Sloane v. United States, 10 Cir., 47 F.2d 889; Aldridge v. United States, 10 Cir., 67 F.2d 956; Edgmon v. United States, 10 Cir., 87 F.2d 13; Taylor v. Hudspeth, 10 Cir., 113 F. 2d 825; Ruhl v. United States, 10 Cir., 148 F.2d 173; Butler v. United States, 10 Cir., 153 F.2d 993.

"But evidence obtained through such a search and seizure by state officers in cooperation with federal officers, or in the presence of federal officers, should be suppressed when seasonably challenged in an appropriate manner. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. Similarly, where state and federal officers have a general understanding and common practice that the latter may adopt and prosecute in the federal courts offenses which the former discover in the course of their operations, and a prosecution which originated by an unlawful search and seizure by state officers is adopted, the evidence obtained as the result of the search and seizure is to be suppressed in like manner as though the search and seizure had been made by federal officers. Fowler v. United States, 7 Cir., 62 F.2d 656; Sutherland v. United States, 4 Cir., 92 F.2d 305; Lowrey v. United States, 8 Cir., 128 F.2d 477. And where state officers obtain evidence through means of an unlawful search and seizure, not made under any pretense of enforcing state law but solely in behalf of the United States for the intended purpose of criminal prosecution, it is open to suppression by appropriate proceeding timely taken. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Aldridge v. United States, supra; Edgmon v. United States, supra." See also the cases hereinafter cited.

■ There is no evidence that the search and seizure were either instigated by federal officers or made in cooperation with them. The state officer was under a duty to enforce the "uniform narcotic drug law", N.J.S.A. 24:-18-1 et seq., and he may have acted solely in the discharge of this duty; in fact, there is no evidence to the contrary. It appears from the testimony of the said officer that narcotic cases investigated by him were frequently adopted and prosecuted by the federal authorities, but there is no evidence that this was done pursuant to any plan or common understanding between them. The burden was upon the claimants to prove affirmatively that this common practice was adopted and followed pursuant to a general understanding, either express or implied, between the state and federal officers. Parker v. United States, 9 Cir., 183 F.2d 268; Gilbert v. United States, 10 Cir., 163 F.2d 325; Kitt v. United States, 4 Cir., 132 F.2d 920; United States v. Scotti, D.C., 102 F.Supp. 747, affirmed, 5 Cir., 193 F.2d 644. The claimants failed to sustain this burden,

and in the absence of such proof the evidence was admissible. Ibid.

 The immunity of the Fourth Amendment may not be invoked by the claimants because they were not the victims of the unlawful search and seizure. The immunity is personal and may be invoked only by the person whose rights are invaded. United States v. Walker, 2 Cir., 197 F.2d 287; Id., 2 Cir., 190 F.2d 481; Curry v. United States, 5 Cir., 192 F.2d 571; Jeffers v. United States, 88 U.S.App.D.C. 58, 187 F.2d 498, 500, and the cases therein cited; United States v. One Buick Automobile, D.C., 21 F.2d 789. The rule is particularly applicable to the corporate claimant. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652. The claimant Jefferson Credit Corporation was the owner of the vehicle, but at the time of the search and seizure the vehicle was in the possession of another, McIntosh. The unlawful search and seizure was, therefore, a violation of only his rights. Ibid.

The immunity of the Fifth Amendment to the Constitution may not be invoked because this is not a "criminal case" within the meaning of that amendment. This is essentially a civil proceeding which has for its object the forfeiture of a vehicle which, under the Act of August 9, 1939, supra, is subject to seizure and forfeiture as the offender. The right of the Government to enforce the forfeiture, as heretofore stated, is not dependent upon the criminal culpability of either the owner of the vehicle or the person in possession of it.

We are of the opinion that the rule enunciated by the Supreme Court in the case of Dobbins Distillery v. United States, 96 U.S. 395, at page 399, 24 L. Ed. 637, is determinative of the nature of the proceeding. It is therein stated: "Cases arise, undoubtedly, where the judgment of forfeiture necessarily carries with it, and as part of the sentence, a conviction and judgment against the person for the crime committed; and in that state of the pleadings it is clear that the proceeding is one of a criminal character; but where the information, as in this case, does not involve the personal conviction of the wrongdoer for the offence charged, the remedy of forfeiture claimed is plainly one of a civil nature; as the conviction of the wrongdoer must be obtained, if at all, in another and wholly independent proceeding." See also Various Items of Personal Property v. United States, 282 U.S. 577, 580, and 581, 51 S.Ct. 282, 75 L.Ed. 558; Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 511, 41 S.Ct. 189, 65 L.Ed. 376, and the cases therein cited. Compare Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746. An examination of the latter case discloses, however, that the Court construed a statute under which the forfeiture was exacted as an additional penalty and the right to enforce it was dependent upon the criminal culpability of the claimant.

### Conclusion

A decree of forfeiture, in favor of the libelant and against the vehicle, may be entered for the reasons herein stated.