**UNITED STATES of America**

v.

**1967 CADILLAC FLEETWOOD EL DORADO AUTOMOBILE, Serial No. H7111407.**

**Civ. A. No. 68–H–382.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 10, 1969.

George R. Pain, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Gerald H. Fortney and Leonard W. Pipkin, Houston, Tex., for defendant.

SINGLETON, District Judge.

### Memorandum and Order

The United States filed a libel in this Court asking for forfeiture of a certain Cadillac automobile alleged to have been used to transport contraband articles, namely, heroin, in violation of 49 U.S.C. § 781 (1963). F.B.G. Leasing Co. intervened seeking dismissal of the libel or remission of the forfeiture. The cause is now before the Court on the government's motion for summary judgment.

The stipulated testimony shows that three City of Houston police officers, pursuant to a search warrant, entered the home of one Woodrow Wilson. While in the Wilson home the telephone rang and Mr. Wilson authorized one of the officers to listen to the conversation. The caller identified himself as John Ellis Sutton and advised Wilson that he would meet him at a Houston intersection to deliver a certain quantity of heroin to him. The officers proceeded to the intersection in two police cars. Sutton, driving the 1967 Cadillac which is the subject of this lawsuit, saw the officers at the intersection. He accelerated his car in an attempt to elude the officers. During the pursuit, Sutton threw two packages from the car. One officer pursued and subsequently arrested Sut-

ton, while the other officers recovered the jettisoned packages. The packages contained heroin. On this record, it is clear that there was probable cause for filing this forfeiture. General Finance Corp. v. United States, 333 F.2d 681 (5th Cir.1964).

F.B.G. Leasing Co. claims that it sold the automobile in question to one Willie Henderson, but that Henderson was in default on payment of the car. Thus F. B.G. contends to be sole owner of the Cadillac by virtue of the defaulted chattel mortgage and further contends that if the property was used in violation of any law it was done without its knowledge and without willful negligence on its part.

According to the stipulated testimony of F. B. Graham, president of F.B.G. Leasing Co., Mr. Graham delivered possession of the automobile to John Ellis Sutton, Willie Henderson's nephew. Henderson paid $1,500 of the agreed $2,000 down payment, but he has made no further payments. Mr. Graham further testified that "John Ellis Sutton was not in unlawful possession of said automobile * * * in the sense of having stolen said automobile but neither he nor Willie Henderson had any legal rights to ownership or possession of same at such time due to the default of Willie Henderson * * *."

■■ Under section 781, once probable cause for the libel has been shown, the intervening claimant (F.B.G.) may have the forfeiture remitted as of right only if he shows by a preponderance of evidence that the violation was committed while the car "was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws * * *." Thus the claimant (F.B.G.) has the burden of proof. Associates Investment Co. v. United States, 220 F.2d 885 (5th Cir.1955).

"The innocence or good faith of the owner or lienholder of the vehicle does not constitute a defense." United States v. One 1961 Cadillac, 337 F.2d 730, 732 (6th Cir.1964). The fact that Henderson, in this case, was in default on the car payments is not sufficient to entitle F.B.G. (the lienholder) to gain remission of the forfeiture. Possession of the car by Henderson after the default may have been unlawful but it is not in "violation of the criminal laws" as required by the statute. United States v. One 1948 Cadillac Convertible Coupe, 115 F. Supp. 723 (D.N.J.1953).

Therefore, for the reasons set forth above, it is ordered, adjudged, and decreed that the government's motion for summary judgment be, and it is hereby, granted.

The Clerk will notify the United States Attorney to draft an appropriate judgment in accordance with this Memorandum and Order for submission to the Court by February 24, 1969, after first obtaining approval of opposing counsel.