**ASSOCIATES INVESTMENT COMPANY, Intervenor, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15141.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

James Kerr, Alto V. Watson, Beaumont, Tex., for appellant.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

This is a proceeding under 49 U.S.C.A. § 782 to forfeit a 1953 Oldsmobile automobile owned by one Clarence Coleman, on the ground that it was used unlawfully in concealment and possession and in facilitating concealment and possession of contraband, namely, two partially smoked marihuana cigarettes, which had been acquired without there having been paid the special taxes thereon. The Associates Investment Company intervened as assignee of a chattel mortgage on the automobile, denying that it had been used unlawfully in concealment, etc., of marihuana, and alleging that neither Clarence Coleman nor the Associates Investment Company knew that the contraband would be placed in the automobile, that if it was placed there it was without permission of the owner or the intervenor, and that the intervenor was entirely innocent in the premises.

The uncontradicted evidence showed the following facts: At 4:30 a. m. on August 4, 1953, two city police officers, Libe and Ross, entered a cafe at 4219 Oakland Street, Dallas, Texas, on a routine investigation. They saw two men later identified as Herman Coleman [1] and George Carson. As the officers entered, Carson got up from his chair, dropped a package on it, and began walking away. Ross picked up the parcel, handed it to Libe, and searched the men. In the package Libe found what appeared to be seven marihuana cigarettes. They had seen Coleman driving the 1953 Oldsmobile earlier that evening, so after questioning the two men, Libe went out of the building and examined the car, finding three men asleep in the back seat, a partially burned marihuana cigarette in the front seat, and an intact marihuana cigarette [2] on the floor in front of the back seat. Tommy Huey Williams testified without contradiction that he was one of the pas-

---

1. This is the only name by which this man is called in the record. Evidently he is the same man to whom the briefs of both parties to this appeal refer as Clarence Coleman, Jr.

2. Inasmuch as this was a variance from the allegations of the libel, we think it was immaterial and harmless, and the issue has not been raised on this appeal.

sengers who had been found in the back seat of the Oldsmobile, and that he had seen Coleman and Carson smoking marihuana cigarettes in the car that night.[3] The car was seized and demand was made of the five occupants of the car to produce the order form under which the marihuana had been acquired. They failed to produce it.[4] It is stipulated that the intervenor had a valid chattel mortgage lien on the forfeited automobile in the amount of $2,160.

The District Court found as a fact that marihuana cigarettes had been smoked in the car and transported in the car and entered a judgment of forfeiture. The intervenor assigns two points of error on this appeal:

"1. There was no competent evidence to support the judgment of forfeiture as against intervenor, since there was no showing that the owner of the automobile or anyone using the same with the owner's permission had any knowledge of the presence at any time of contraband in the car.

"2. The competent evidence in this case taken most strongly in favor of the judgment does not establish any offensive use of the automobile in question which would justify its forfeiture under Title 49, Sections 781–782, U.S.C.A., there being at best a showing of the presence of two partly smoked marihuana cigarettes in the car on a single isolated instance and no 'transportation use of the car,' in the narcotics traffic."

██ Point 1 is without merit. It is true that the Government did not show that the car was being used with the owner's permission, but this it was not required to do. Under this statute, once probable cause for the institution of the libel has been shown, as it has in this case, a claimant other than a common carrier may have the forfeiture remitted as of right only if he shows by a preponderance of evidence that the violation was committed while the car "was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws * * *." The car is forfeited under the statute if the claimant does not sustain this burden of proof. Colonial Finance Co. v. United States, 6 Cir., 210 F.2d 531; General Motors Acceptance Corp. v. United States, 6 Cir., 63 F.2d 209; United States v. One 1949 Pontiac, 7 Cir., 194 F.2d 756; United States v. Andrade, 9 Cir., 181 F.2d 42. We think it would have been difficult to sustain this burden even if the intervenor had tried, for though the record is silent as to any relationship, the briefs of both parties describe Coleman, the driver of the car, as the owner's son.

██ Likewise as to point 2, the court below did not err. The statute by its terms subjects the vehicle to forfeiture if contraband is concealed or possessed in the vehicle. Transportation does not have to be shown, nor does concealment or possession on more than one occasion.[5]

3. There was no objection to this testimony, and it is stipulated on this appeal that the cigarettes and butt seized by Libe and Ross were in fact marihuana. On cross-examination the intervenor sought to establish that Williams knew the cigarettes were marihuana only by hearsay. Redirect examination showed that Williams had seen marihuana cigarettes previously at a high school lecture and that he believed Coleman was smoking such a cigarette. Certainly his testimony establishes that Coleman and Carson smoked cigarettes which had the appearance of marihuana, and since no proper objection was made which would have required the Government to elicit more precise testimony, the conclusion is proper that Coleman and Carson did possess and smoke marihuana in the car.

4. Their failure to produce the order form on reasonable notice and demand creates a presumption that the marihuana was acquired unlawfully, under 26 U.S.C.A. § 4744(a), former § 2593(a).

5. 49 U.S.C.A. § 782: "Seizure and forfeiture
"Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of section 781 of this title has taken or is taking place, shall be seized

The uncontradicted evidence together with the stipulation is ample support for the trial court's finding that marihuana was possessed in the car on one occasion, and thus the judgment was proper.

The cases cited by the intervenor are not in point. United States v. One Reo Speed Wagon, D.C.D.Mass., 5 F.2d 372, arose under a different statute which excluded vehicles used without the consent or privity of an innocent owner, and the claimant showed facts bringing the case within that exclusion. In Platt v. United States, 10 Cir., 163 F.2d 165; United States v. One 1949 Ford, D.C.W.D.N.C., 96 F.Supp. 341; and United States v. One 1952 Ford Victoria, D.C.N.D.Cal., 114 F. Supp. 458, it was not proved that there ever were narcotics in the cars in question. As for United States v. One Oldsmobile Sedan, D.C. 3d D.N.J., 104 F.Supp. 159, the narcotics there were stolen drugs bearing tax stamps, which were not contraband under the terms of a former version of the statute.

■■ The intervenor's actual grievance is that this forfeiture deprives it of its valuable security interest even though, for all that the record shows, it acted at all times innocently and in good faith. However, it is well settled that such deprivation is not a denial of due process of law, or a taking of private property for public use without fair compensation. Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044; Goldsmith, Jr.—Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637. Remission of the forfeiture on the ground of innocence and good faith may be made in the discretion of the Secretary of the Treasury, 19 U.S.C.A. § 1618; 26 U.S.C.A. § 3726, but his power is exclusive and the courts have no jurisdiction to grant any relief to such a claimant. United States v. Heckinger, 2 Cir., 163 F.2d 472; United States v. One 1941 Plymouth, 10 Cir., 153 F.2d 19. In

and forfeited: *Provided*, That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: *Provided further*, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

49 U.S.C.A. § 781. "Unlawful use of vessels, vehicles, and aircrafts; contraband article defined

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

"(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith; or which has been acquired or is possessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith; or which has been acquired by theft, robbery, or burglary and carried or transported within any Territory, possession, or the District of Columbia, or from any State, Territory, possession, the District of Columbia, or the Canal Zone, to another State, Territory, possession, the District of Columbia, or the Canal Zone; or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations; * * *."

the Van Oster case, the Court said, 272 U.S. 465, 467–468, 47 S.Ct. 133, 134:

"It is not unknown, or indeed uncommon, for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has intrusted it. Much of the jurisdiction in admiralty, so much of the statute and common law of liens as enables a mere bailee to subject the bailed property to a lien, the power of a vendor of chattels in possession to sell and convey good title to a stranger, are familiar examples. They have their counterpart in legislation imposing liability on owners of vehicles for the negligent operation by those intrusted with their use, regardless of a master-servant relation. * * * They suggest that certain uses of property may be regarded so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process."

The appellant has not been deprived of any constitutional right and did not establish a right to remission under 49 U.S.C.A. § 782, the applicable statute. On the other hand, the Government established by sufficient evidence its right to forfeiture of the vehicle. Consequently, the trial court did not err.

The judgment is therefore

Affirmed.