**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1957 OLDSMOBILE AUTOMOBILE,**
Motor No. A227445, and General Motors Acceptance Corporation, Intervenor, Appellees.

No. 17135.

United States Court of Appeals
Fifth Circuit.

June 23, 1958.

Rehearing Denied Aug. 5, 1958.

mitting the automobile in question to the intervenor General Motors Acceptance Corporation, in a condemnation proceeding under the provisions of 49 U.S.C.A. §§ 781 and 782.[1]

This is an example of "hard cases making bad law" so far as the judgment of the trial court is concerned. Finding, as he did, that a "very small quantity" (13 grains from which 4 to 9 cigarettes could be made) was "in the possession" of one Johnson sitting on the right hand side of the automobile owned by and driven by Maurice Coker, but that it "was not in his [Coker's] possession, and so far as the evidence in the case, [sic] was not there with his knowledge" the trial judge held it would be "unconscionable" and "very wrong to take this car away from this old woman [Coker's mother] and this young man who are trying to pay it out * * *." The court thereupon awarded the automobile to the appellee.

Appellant contends that the findings of the court implicit in its oral opinion, although not entered as findings of fact, are amply supported by the evidence, and that the court erred in concluding that it had discretion to remit the automobile because of the innocence of the owner and/or the hardship resulting from denying a remission. The appellee counters that the evidence was insuffi-

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Spencer Carver, Biggers, Baker, Lloyd & Carver, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal by the United States from an order by the District Court re-

---

1. Section 781, Title 49 U.S.C.A. provides in pertinent part:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any * * * vehicle * * *; (2) to conceal or possess any contraband article in or upon any * * * vehicle * * * or upon the person of anyone in or upon any * * * vehicle * * *; or (3) to use any * * * vehicle * * * to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, * * * of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

"(1) Any narcotic drug * * * which has been acquired or is possessed, sold, transferred * * * in violation of any laws of the United States dealing therewith * * *; or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations;"

Section 782, Title 49, U.S.C.A., provides in pertinent part:

"Any * * * vehicle * * * which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of Section 781 of this title has taken or is taking place, shall be seized and forfeited: * * *."

Section 787, Title 49, U.S.C.A., provides in pertinent part as follows:

"When used in this chapter— * * *

"(d) The term 'narcotic drug' means any narcotic drug as now or hereafter defined by sections 171–185 of Title 21, of the Internal-Revenue laws, or the regulations issued thereunder; or marihuana as now or hereafter defined by the Marihuana Tax Act of 1937 or the regulations issued thereunder * * *"

cient to support such findings and that they "cannot be considered the formal findings contemplated by (the) Rules to be the result of careful reflection, study, and consideration given the record in retrospect." Moreover, appellee contends here, although it did not raise the point below, that the statute which requires the seizure of a vehicle without the knowledge or fault of its owner or lienholder of the illegal use is unconstitutional.

■ First, as to the proof of the basic fact that the automobile was used in violation of Section 781, (footnote 1 supra) with the correction in the record as to the date, which correction is to be taken as true in light of the trial court's approval, the testimony not only authorized a finding by the court of the essential facts; it demanded such a finding. We have previously held in Associates Investment Co. v. United States, 5 Cir., 220 F.2d 885, that the smallness of the quantity of marihuana transported or concealed is not a basis for granting remission. Appellee does not contend that the statute permits remission merely because of the innocence of the owner and lienholder. However, since the trial court placed its judgment on this ground, we cite Associates Investment Co. v. United States, supra, United States v. One 1952 Model Ford Sedan Automobile, 5 Cir., 213 F.2d 252, certiorari denied, Greenville Ave. State Bank v. U. S., 348 U.S. 862, 75 S. Ct. 87, 99 L.Ed. 680, as authority for the position we take that such good faith or innocence is immaterial in a seizure under the narcotics statutes although this is not strictly true under illegal whiskey condemnations. There are many similar cases from other circuits. We know of none contra.

The attack on the constitutionality of the statute derives from the difference in treatment accorded to a "vessel, vehicle or aircraft used by any person as a common carrier" from that accorded to all other vehicles.[2]

■ Appellee concedes that we have heretofore held in Associates Investment Co. v. United States, supra, that this statute is not unconstitutional as to innocent owners or lienholders as being a taking without compensation. We think its contention that it is unconstitutional as depriving appellee of its property without due process fares no better. There is no provision of the Fifth Amendment like that in the Fourteenth which expressly forbids denying a citizen equal protection of the laws, but appellee says the difference in treatment of a private carrier from a common carrier with respect to its vehicles is such a discriminatory denial of equality that it amounts to a violation of the due process clause of the Fifth Amendment, citing Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884. Although claiming that there may be such cases, appellee properly concedes that such a violation does not exist if the difference in treatment arises from a reasonable classification. There can, we think, be no clearer case of reasonableness in classification for purposes of enforcing the narcotics statutes than the one made here. The opportunity of the owner of a common carrier to detect or prevent carriage by one of its passengers (who must be carried without discrimination) of a small quantity of narcotics is obviously slight as compared with the opportunity of the owner of an automobile who reserves the full right of inviting to ride whom he wishes. This is one sufficient basis for such classification. There are others that readily come to mind. The classification is a reasonable one and does not unconstitutionally de-

2. "Provided, That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: * * *" 49 U.S.C.A. § 782.

**934**

prive the intervenor here of any of its constitutional rights.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.