**UNITED STATES of America**
v.
**ONE 1962 FORD SEDAN, Serial No. 2N62X117261.**
**No. 63–32–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.
April 2, 1964.

James H. Walsh, Asst. U. S. Atty., Jacksonville, Fla., for the United States.

Harvey Mabry, Jacksonville, Fla., for claimant Duval Motor Co.

McRAE, District Judge.

This case was tried by the Court without a jury.

The controlling facts in the case are undisputed. Hugh Dorsey Crosby was taken to the Duval Motor Company in Jacksonville, Florida, by a "bird-dog" salesman and was introduced to John H. Griffin, Manager of the Fleet and Lease Department of the company. Crosby told Griffin that he was interested in making arrangements for the purchase of an automobile. Griffin displayed several automobiles to Crosby and Crosby selected the 1962 Ford Sedan which is the subject matter of this suit. Crosby then informed Griffin that title to the automobile was to be taken in the name of C. T. Fisher, Crosby's brother-in-law. Griffin testified that he felt reasonably sure that an investigation was made of the credit standing of Fisher, but no such investigation was made with reference to Crosby. Griffin further testified that he and Crosby went to the home of Fisher where final arrangements were made for the purchase of the car in the name of Fisher, although it was clearly understood, and Griffin was informed, that the car was bought *for Crosby*.

Thereafter, Hugh Dorsey Crosby went to a filling station operated by one Ernest Winney and bought $3.00 worth of gasoline for the automobile. He gave Winney a $10.00 bill and received the change. Winney at that time was suspicious of the bill and accordingly made a notation of the license tag. Shortly thereafter Winney informed an agent of the Treasury Department of the transaction, an investigation was made, and the $10.00 bill was determined to be counterfeit. Afterward Winney identified Crosby as the person who gave him the counterfeit bill.

Crosby was arrested in Green Cove Springs while in the 1962 Ford Sedan which was seized; and thereafter a libel was filed against the automobile by the United States.

Duval Motor Company then filed its claim, praying that the motor vehicle be released and returned to claimant, or that the full value thereof be paid to claimant as the title holder of the automobile.

Griffin testified that he had never seen Hugh Dorsey Crosby at any time before Crosby came to Duval Motor Company for the purpose of making arrangements for the above described purchase. On the other hand, William B. Lankford, a special agent of the Treasury Department, testified that Griffin had told Lankford that he had known Crosby for a long time and that Crosby had previously bought cars from him. Although the testimony of Lankford and Griffin is in irreconcilable conflict, it does not appear to the Court to be a material fact in this case.

The action of the United States of America is based on the provisions of Title 49 U.S.C.A. §§ 781 and 782.

Section 781, in defining "contraband articles" applies with equal force to narcotic drugs and to falsely made, forged, altered or counterfeited coin. This section has been construed and applied by the Court of Appeals, Fifth Circuit, in the forfeiture case of United States of America v. One 1957 Oldsmobile, 256 F. 2d 931, where a unanimous court, per Tuttle, C. J., held that a private vehicle used in the transportation of contraband narcotics may be forfeited without re-

gard to the innocence of the owner or lienholder.

These provisions of the United States Code are harsh. The meaning of said sections is clear, however, and the Courts have not hesitated to require forfeiture upon the facts which have been made to appear in the present case.

This opinion is submitted as a compliance with the requirements of Rule 52, Federal Rules of Civil Procedure.

Judgment will be entered accordingly.

Upon consideration, it is accordingly

Ordered and adjudged that the 1962 Ford Sedan, Serial No. 2N62X117261, is hereby forfeited to the United States of America, and the claim of Duval Motor Company is dismissed with prejudice.