**UNITED STATES of America**
v.
**ONE ASSORTMENT OF FIREARMS AND AMMUNITION.**
Civ. A. No. 6719.

United States District Court,
E. D. Tennessee, N. D.
March 5, 1970.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Neil L. Heimanson, Atlanta, Ga., Thomas R. Henley, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This sad case is a libel against an assortment of firearms and ammunition pursuant to the "Gun Control Act of 1968." 18 U.S.C. § 921 et seq.

The stipulated facts are:

"1. On April 19, 1969, at the Kerbela Shrine Temple, Knoxville, Tennessee, Richard Allen Ryon, in the capacity of a dealer of firearms, was exhibiting a display of guns at a gun show being held at said temple and had certain other firearms in his possession, contained in a vehicle adjacent to said temple.

"2. The property on display and in the possession of Richard Allen Ryon was as follows: 25 cartons .22 cal. ammunition (500 rounds to carton); 1 box 9 MM ammunition (100); 40 boxes .380 ammunition (25 rounds to box); 6 boxes .357 ammunition (50 rounds to box); 12 boxes .45 cal. ammunition (50 to box); 22 boxes .38 cal. ammunition (50 to box); 4 clips of .30 cal. ammunition (8 rounds to clip); 3,231 rounds of .223 ammunition; 6 Regent .22 cal. revolvers SN R 55691, R55673, R52844, R55384, R55200, R55694; 4 Western Six .22 cal. revolvers, SN 5246, 7517, 5262, 7500; 2 French 7.65 cal. automatic pistols SN 17773, 8614A; 4 Basque .380 cal. automatic pistols SN 80650, 78701, 78690, 78544; 3 Basque .22 cal. automatic pistols SN 79116, 78700, 76732; 1 Enforcer .30 cal. automatic pistol SN 147261; 1 Smith & Wesson .357 Revolver SN S210020; 5 S.M. .25 cal. automatic pistols SN 129860, 129098, 129895, 129845, 129097; 1 Rossi .38 cal. revolver SN 38824; 1 Rossi .22 cal. revolver SN 599635; 2 Forjas Taurus .38 cal. revolvers SN 480058, 482223; 1 Colt Gold Cup .35 automatic pistol SN 32818NM; 3 .45 cal. automatic military pistols SN 16820, 760194, 1319062; 1 P–38 9 MM Walther automatic pistol SN 297285.

"3. At the time Richard Allen Ryon possessed the aforementioned firearms and ammunition, he did not have a license as a dealer in firearms and ammunition, as required by 18 U. S.C., Section 923(a).

"4. On April 19, 1969, Special Investigators of the Alcohol, Tobacco, and Firearms Division, Internal Revenue Service, Treasury Department, did seize on land in Knox County, Tennessee, within the Eastern District of Tennessee, the aforedescribed firearms and ammunition. Since the seizure, said property has remained in the Eastern District of Tennessee, in the custody of the Alcohol, Tobacco, and Firearms Division, Internal Revenue Service, Treasury Department.

"5. On December 22, 1969, Richard Allen Ryon pleaded nolo contendere to the offense of wilfully and knowingly engaging in the business of dealing in firearms and ammunition without having been licensed to do so, in viola-

tion of 18 U.S.C. 922(a) (1) and 924(a)."

The above stipulations subject the defendant firearms and ammunition to forfeiture. The circumstances make forfeiture very harsh. The claimant, a young gun salesman, was exhibiting these firearms to the members of a fraternal organization. The entire assortment is valued at over $1,600.00 by the United States and at approximately $1,900.00 by the claimant. Claimant's acts which subjected the defendants to forfeiture, apparently would have been legal by payment of $10.00.

In view of the foregoing facts, the only question presented to the Court is whether there is power to remit the defendants to the claimant. Only an examination of the statutory scheme and purpose can determine the Court's power.

The declared purpose of the "Gun Control Act of 1968" was "to provide support to Federal, State and local law enforcement officials in their fight against crime and violence." There were to be no "undue or unnecessary Federal restrictions or burdens on law-abiding citizens." P.Law 90–618 § 101, 82 Stat. 1213. One of the principal ways of providing this support to law enforcement officials was to impose a licensing requirement on manufacturers and dealers in firearms. A dealer like the claimant Ryon would obtain a license by submitting appropriate information and paying a $10.00 annual fee. 18 U.S.C. § 923(a) (3) (C). It was declared an unlawful act "to engage in the business of * * * dealing in firearms or ammunition" without a license. 18 U.S.C. § 922(a) (1). Violators of the Act were subject to fines and imprisonment. 18 U.S.C. § 924. Firearms or ammuni-

tion involved were subject to seizure and forfeiture.[1] Forfeiture proceedings were to follow the procedures set out in the Internal Revenue Code. 26 U.S.C. § 5801 et seq (1968 Amend.) Specifically, 26 U.S.C. § 5872(a) provided for the seizure and forfeiture of these firearms and ammunition like other unstamped articles. The general forfeiture sections of the Internal Revenue Code, 26 U.S.C. § 7301 et seq. required forfeiture of property sold with a design to avoid tax payment. Recognizing that forfeiture may be a harsh remedy, Congress provided for remission or mitigation by the same manner possible under the customs law. 26 U.S.C. § 7327. The statute relating to the customs law provides:

"Whenever any person interested in any * * * merchandise files with the Secretary of the Treasury * * * a petition for the remission or mitigation of such * * * forfeiture, the Secretary of the Treasury, if he finds that such * * * forfeiture was incurred without wilful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such * * * forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, * * * *." 19 U.S.C. § 1618.

It would seem from the stipulation that this is an appropriate case for administrative relief. However, the foregoing statute has been held to provide an exclusive and administrative remedy for remission. United States v. One 1961 Cadillac, 337 F.2d 730 (C.A.6, 1964); United States v. One 1961 Cadillac Hardtop Auto, 207 F.Supp. 693, 700 (E.

---

1. "18 U.S.C. § 924. *Penalties.*

      *     *     *     *     *

   (d) Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United

States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845 (a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter."

D.Tenn., 1962) citing cases, absent other statutory authority. Cf. 18 U.S.C. § 3617 allowing the court jurisdiction to remit forfeitures under the liquor laws; 49 U.S.C. § 782 providing relief for common carriers in certain situations.

The Court is aware of no comparable authority which gives it jurisdiction to remit the defendant assortment of firearms and ammunition. Congress did not allow mitigation. For this reason, it is ordered that the defendant collection of firearms be, and same hereby are, forfeited.